FRANK R. YOUNG, Appellant, v. CARRIE YOUNG, Respondent.

St. Louis Court of Appeals, February 2, 1915.

DIVORCE: Indignities: Sufficiency of Evidence. On appeal from a decree dismissing a husband's petition for divorce on the ground of indignities and granting the wife a decree on her cross-bill on the ground of indignities, *held* that the decree was warranted by the evidence.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Jos. Barton* for appellant.

*Zachritz & Zachritz* for respondent.

ALLEN, J.—This is an action for divorce. The suit was instituted by the husband, based upon indignities alleged to have been offered to him by the wife. The latter denied the allegations of the petition respecting the said alleged indignities, and filed a cross-bill praying for a divorce upon the ground of indignities, and of cruel and barbarous treatment as well. The court below found in favor of the defendant on her cross-bill and against the plaintiff on his petition, dismissing the latter, and awarded defendant alimony; and the case is here upon plaintiff's appeal.

Plaintiff and defendant were married October 5, 1910, in East St. Louis, Illinois, and the final separation occurred December 29, 1911, in the city of St. Louis, where they had resided during the greater portion of the intervening time. In the main the acts alleged to have constituted the indignities relied upon by plaintiff, and said to have rendered his condition intolerable, were that the defendant was in the habit of applying uncomplimentary epithets to him and of sulking and pouting over trivial matters; that she refused to perform ordinary household duties, habitually accused plaintiff of stinginess and of infidelity to her, "gambled for money," and constantly threatened to leave plaintiff, without cause; that she did, without cause, abandon plaintiff, for certain periods, upon two occasions prior to the final separation, and finally left and abandoned him, without cause, to go on the vaudeville stage.

Defendant in her cross-bill alleges that plaintiff was possessed of a violent temper, and that in anger he frequently cursed and abused her, and applied vile epithets toward her, and upon one occasion, in a fit of anger, struck her with his fist; that he failed and refused to provide her with necessaries; and that upon the occasion of the final separation he cursed, abused and assaulted her, without cause, by reason whereof she left and refused to return to him.

As to the allegations of plaintiff's petition, there was no proof of the acts alleged, which could constitute indignities under the statute, beyond the testimony of plaintiff. His testimony, in support of the essential averments of his petition, which does not impress us greatly, is in no way corroborated by that of the witnesses called to testify in his behalf.

The testimony of defendant, on the other hand, in support of the allegations of her cross-bill, is, in many respects at least, fully corroborated by the testimony of other witnesses.

We have carefully read the entire testimony contained in the record, the details of which it would serve no useful purpose to here relate. And we are convinced that the conclusions reached by the learned trial judge should not be disturbed. Upon the record before us we have no hesitation in saying that plaintiff failed to make out a case entitling him to a decree in his favor; and we think that the evidence adduced in support of defendant's cross-bill sufficed to show a course of conduct on plaintiff's part constituting "indignities" within the meaning of the statute, and to justify the finding that defendant is the innocent and injured party.

No point is made respecting the amount of the alimony allowed defendant, and the matter need not be discussed.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.